1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

MICHAEL D. SIMPSON,

11                        Plaintiff,

        v.

12

SCOTT BIRD and TJ MARTIN,

13                        Defendant.

14

CASE NO. 3:24-CV-5832-BHS

ORDER RENOTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS*
AND DIRECTING AMENDED
COMPLAINT

15         The District Court has referred Plaintiff Michael D. Simpson's pending Application to

16   Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge

17   David W. Christel pursuant to Amended General Order 11-22. On October 1, 2024, Plaintiff

18   filed a proposed civil complaint and application to proceed *in forma pauperis* ("IFP"). *See* Dkts.

19   1; 1-1.

20         **Review of the Complaint.**  Because Plaintiff filed this proposed complaint *pro se*, the

21   Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt.

22   *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the

23   proposed complaint, Plaintiff alleges Scott Bird, a criminal justice liaison for the Washington

24

State Department of Fish and Wildlife ("WDFW"), violated Plaintiff's rights when he moved to have Plaintiff's fishing license permanently revoked. Dkt. 1-1. Plaintiff also states T.J. Martin, an administrative law judge ("ALJ") with the Washington State Office of Administrative Hearings, found him guilty of a misdemeanor and revoked his fishing license. *Id*. Plaintiff states Defendants violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. *Id*.

**Legal Standard.**  The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). When the privilege is abused, permission to proceed IFP may be denied. *See Demos v. U.S. Dist. Court for Eastern Dist. Of Washington*, 925 F.2d 1160, 1160-61 (9th Cir. 1991); *see also In re Sindram*, 498 U.S. 177, 180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* to those individuals who have abused the system."); *Johnson v. Irby*, 2009 WL 1973510, at *3 (N.D. Fla. July 8, 2009) ("A court may deny IFP status prospectively when the number, content, frequency, and disposition of a litigant's filings show an abusive pattern.") (internal quotations omitted).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT - 2

1   1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

2   2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

3   *sponte* dismiss an IFP complaint that fails to state a claim). An in IFP complaint is frivolous if "it

4   ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

5   1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also*

6   *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

7        A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it

8   must nevertheless contain factual assertions sufficient to support a facially plausible claim for

9   relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

10  U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

11  content that allows the court to draw the reasonable inference that the defendant is liable for the

12  misconduct alleged." *Iqbal*, 556 U.S. at 678.

13       Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court

14  will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible

15  claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal

16  without leave to amend is improper unless it is clear, upon de novo review, that the complaint

17  could not be saved by any amendment.").

18       **Plaintiff's Application to Proceed IFP.**  Plaintiff states he is unemployed and a review

19  of his Application to Proceed IFP shows he cannot afford the filing fee. *See* Dkt. 1.

20       **Analysis of Plaintiffs' Claims**. Despite his inability to pay, the Court finds Plaintiff's

21  proposed complaint fails to state a claim upon which relief can be granted.

22       *Judicial Immunity*. Plaintiff names ALJ Martin as a defendant. "Administrative law

23  judges ... are entitled to quasi-judicial immunity so long as they perform functions similar to

24

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT - 3

1    judges and prosecutors in a setting like that of a court." *Hirsh v. Justices of Supreme Court of*

2    *State of Cal.,* 67 F.3d 708, 715 (9th Cir.1995) (citing *Butz v. Economou,* 438 U.S. 478, 511-17

3    (1978)). Here, Plaintiff's allegations against ALJ Martin arise from when ALJ Martin was acting

4    as the administrative law judge at Plaintiff's hearing. He is, therefore, entitled to judicial

5    immunity and Plaintiff must show cause why the claims against ALJ Martin should not be

6    dismissed. *See Daniels v. Davis*, 2008 WL 4681597, at *2 (W.D. Wash. Oct. 21, 2008) (finding

7    state ALJ had judicial immunity); *Read v. Haley*, 650 F. App'x 492, 494 (9th Cir. 2016) (finding

8    Oregon district court properly dismissed a claim against a state ALJ based on judicial immunity).

9         *Prosecutorial Immunity*. Plaintiff also names Scott Bird, the attorney representing the

10   WDFW, as a defendant. Dkt. 1-1. Prosecutors are entitled to absolute immunity from § 1983

11   claims for their quasi-judicial actions as long as those acts are performed within the scope of

12   their authority. *See Ashelman v. Pope*, 793 F.2d 1072, 1075, 1078 (9th Cir. 1986). A prosecutor

13   is entitled to absolute immunity from a § 1983 action for damages when performing a function

14   that is "intimately associated with the judicial phase of the criminal process." *Imbler v.*

15   *Pachtman*, 424 U.S. 409, 430 (1976).

16        Prosecutorial immunity also shields state officials who perform the "functions of a

17   prosecutor in state administrative proceedings." *Butz v. Economou*, 438 U.S. 478, 513 (1978). If

18   a government attorney is "representing the plaintiff or the defendant, or is conducting a civil

19   trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that

20   [the attorney] can perform her functions without harassment or intimidation.'" *Dorsey v. Orloff*,

21   1997 WL 85016, at *3 (N.D. Cal. Feb. 24, 1997) (citing *Fry v. Melaragno*, 939 F.3d 832, 837

22   (9th Cir. 1991) (citation omitted). "The touchstone of prosecutorial immunity is whether the

23   attorney's actions are 'intimately' or 'closely' associated with the judicial process – pre-, post-,

24

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT - 4

or during litigation." *Dorsey*, 1997 WL 85016, at *3 (citing *Fry*, 939 F.2d at 837 and *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984).

Here, Plaintiff alleges Defendant Bird sent Plaintiff a letter providing notice that Plaintiff's fishing license was being revoked, engaged in discovery, and represented WDFW at the administrative hearing. The allegations in the proposed complaint show Defendant Bird was acting within the scope of his duties, performing functions of a prosecutor during a state administrative proceeding. Therefore, based on the allegations of the proposed complaint, Defendant Bird is entitled to prosecutorial immunity. Plaintiff must show cause why the claims against Defendant Bird should not be dismissed.

*Failure to State a Claim.*  Plaintiff alleges Defendants' conduct violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Dkt. 1-1. Plaintiff, however, provides no explanation regarding how Defendants' conduct resulted in Fourth, Fifth and Sixth Amendment violations. At most, it appears Plaintiff is alleging a procedural due process violation under the Fourteenth Amendment. To make out a procedural due process claim, a plaintiff must allege (1) a liberty or property interest protected by the Constitution, (2) a deprivation of that interest by the government, and (3) lack of process. *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir. 1993). Regardless of whether Plaintiff has alleged a liberty or property interest protected by the Constitution, Plaintiff has not alleged a lack of process. Dkt. 1-1. The record indicates Plaintiff received written notice of the claims against him, a status hearing related to discovery matters, and an administrative hearing. *See id.* at 9. As Plaintiff has not alleged a lack of process, Plaintiff has failed to allege a procedural due process violation.

Further, Plaintiff alleges laws and policies were not followed when depriving him of his fishing license. Only an authorized, intentional deprivation of property is actionable under the

Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). An unauthorized, intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. *Id.* at 534. The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees by allowing for a suit in Superior Court once a person has completed the state's tort claim process. *Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (1986). To the extent Plaintiff is alleging he is being deprived of his property based on an unauthorized action, Washington State provides a post-deprivation remedy for the alleged action and, thus, Plaintiff has not alleged a viable claim for relief.

As Plaintiff has failed to adequately explain how his Fourth, Fifth, and Sixth Amendment rights were violated and has failed to state a procedural due process claim, the proposed complaint fails to state a claim upon which relief can be granted.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). At this time, the Court finds it is improbable Plaintiff can cure the deficiencies of his proposed complaint. However, in an abundance of caution, the Court will grant Plaintiff an opportunity to amend his proposed complaint to try to state a claim.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT - 6

analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to November 12, 2024.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **RENOTED** to **NOVEMBER 12, 2024;** and

- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **NOVEMBER 12, 2024**.

Dated this 15th day of October, 2024.

David W. Christel
United States Magistrate Judge

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT - 7