UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL D. SIMPSON,

        Plaintiff,

  v.

SCOTT BIRD and TJ MARTIN,

        Defendants.

CASE NO. C24-5832 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R), Dkt. 4, recommending the Court deny pro se plaintiff Michael Simpson's application to proceed *in forma pauperis*, Dkt. 1, supported by his proposed amended complaint, Dkt. 3, and dismiss the case for failure to state a plausible claim.

Simpson's claims arise from the permanent suspension of his fishing license under RCW 77.15.670. Simpson alleges that Washington Department of Fish and Wildlife (WDFW) criminal justice liaison Bird represented the agency at Simpson's suspension hearing, and Administrative Law Judge Martin presided over it. Simpson appeared pro se. His license was permanently suspended. He purports to sue Martin and Bird for

ORDER - 1

accusing him of a crime, denying him counsel, finding him guilty without a jury, and punishing him without jurisdiction. He claims the hearing and the suspension were "ultra vires" though he also alleges the defendants acted in their official capacities. *See* Dkt. 3 at 9, 10.

The R&R concludes that notwithstanding Simpson's allegations, Martin is entitled to absolute judicial immunity, and that Bird is entitled to absolute prosecutorial immunity, for their conduct in the suspension proceeding and hearing. It concludes that Simpson has failed to state a plausible claim and that he cannot amend his complaint again cure this defect. It recommends dismissal without prejudice and without leave to further amend. Dkt. 4 at 6–7. Simpson objects to the R&R, arguing that both defendants acted without jurisdiction in violation of the Constitution, and are not entitled to immunity. Dkt. 5.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo determination, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings

and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Thus, the district court is required only to indicate that it reviewed the record de novo and found no merit to the objections in order to summarily adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The district court is not obligated to "expressly address" every objection. *Id.* at 437.

Simpson has not demonstrated that the R&R's recommended dismissal was clearly erroneous or contrary to law. The R&R is **ADOPTED**. Simpson's application to proceed *in forma pauperis* is **DENIED**. Simpson's claims against Martin and Bird are **DISMISSED** without prejudice and without leave to amend.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 16th day of January, 2025.

BENJAMIN H. SETTLE
United States District Judge